UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DRASHAWN BARTLETT                                                                    Plaintiff

v.                                                            Civil Action No. 3:18-CV-00087-RGJ

CORRECT CARE SOLUTIONS, ET AL.                                                    Defendants

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Drashawn Bartlett brings this action against Defendants Correct Care Solutions ("CCS") in its official capacity as health care provider at Luther Luckett Correctional Complex ("LLCC"), Renae Barbes, Jeff Ingram, Courtney O'Hern,[1] and Daniel Oldaker, all in their individual capacity as employees of CCS. [DE 1]. Mr. Bartlett alleges that while in custody at Luther Luckett Correctional Complex ("LLCC") he suffered from Defendants' deliberate indifference to his medical needs. CCS has moved to dismiss pursuant to Federal Rule 12(b)(6). [DE 4]. Briefing is complete, and this matter is ripe. For the reasons below, the Motion to Dismiss will be GRANTED.

### I.    FACTUAL[2] AND PROCEDURAL BACKGROUND

The factual allegations set forth in the complaint are taken as true for the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

Mr. Bartlett was incarcerated at Luther Luckett Correctional Complex ("LLCC"). [DE 4 at 4, ¶ 11]. At that time, Correct Care Solutions was a private healthcare provider contracted by

---

[1] Courtny O'Hern's surname is now Forgy. [DE 22 at 123].
[2] The Court takes the factual allegations set forth in the complaint as true for the present motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

1

the Commonwealth of Kentucky to provide health care services to patients located at LLCC. [*Id.* at 3, ¶ 3]. On February 22, Mr. Bartlett dislocated his left index finger and he requested to be taken to the hospital for an x-ray. [*Id.* at 4–5, ¶¶ 12–13]. Mr. Bartlett alleges that Defendant Oldaker, a CCS employee, told Mr. Bartlett that he would not be taken to the hospital, because "his situation was not 'life or death.'" [*Id.* at 5, ¶ 13]. Defendant Oldaker instead advised Mr. Bartlett to "apply ice to the injured area." [*Id.* at 5, ¶ 14].

The next day Mr. Bartlett again requested medical attention, and an unknown CCS employee "advised Mr. Bartlett that he would not be seen because an order for a hand consultation was already pending." [*Id.* at 5, ¶ 16]. Mr. Bartlett explained that the pending consultation order was for an unrelated injury to his right hand and that he had received no medical treatment for his injured index finger. [*Id.* at 5, ¶ 17]. His request for treatment was again denied. [*Id.*].

On February 24, Mr. Bartlett filed a grievance with LLCC, citing deficient medical treatment and requesting "[o]utside medical treatment to save [his] finger." [*Id.* at 5, ¶ 18 (alterations in original)]. That day, two CCS nurses, Defendants Barbes and O'Hern, examined Mr. Bartlett. [*Id.* at 5–6, ¶ 19]. Defendant O'Hern, noted that Mr. Bartlett had "not yet been seen," and contacted Defendant Ingram, a CCS on-call provider. [*Id.* at 6, ¶ 19]. In accordance with Defendant Ingram's advice, a split was applied to Mr. Bartlett's injured finger, and Defendant Barbes made the following note in Mr. Bartlett's chart: "Will relay to oncoming shift to assess [Mr. Bartlett's] hand daily until able to be seen by provider." [*Id.* at 6, ¶¶ 19–20 (alteration in original)].

Mr. Bartlett alleges that CCS staff did not check on his injury daily, although the finger was x-rayed "several days later" and revealed that Mr. Bartlett was suffering from a "subluxation of unspecified interphalangeal joint of left index finger." [*Id.* at 6, ¶¶ 21–22]. In April 2017,

nearly two months later, an outside hand specialist examined Mr. Bartlett and he received surgery to treat his injured finger. [*Id.* at 6, ¶¶ 23, 25]. According to the Complaint, "[t]he surgical procedure would not have been necessary had the Defendant's [sic] provided Mr. Bartlett with timely and adequate medical treatment." [*Id.* at 6, ¶ 25].

Mr. Bartlett then filed this Complaint, naming CCS as a defendant "in its official capacity as health care provider" of LLCC and naming Renae Barbes, Jeff Ingram, Courtney Ohern, and Daniel Oldaker (the "Individual Defendants") in their individual capacities as employees of CCS. [*Id*. at 1]. The Complaint alleges that Defendants violated Mr. Bartlett's Eighth Amendment rights and 42 U.S.C. § 1983. [*Id.* at 7, ¶¶ 28–29]. CCS moved to dismiss. Mr. Bartlett responded [DE 9], and CCS filed its Reply, [DE 10]. The Individual Defendants have not joined this Motion to Dismiss or filed independent motions to dismiss, but have filed an answer, [DE 22], foreclosing their ability to file a motion to dismiss under Rule 12(b)(6). *See Pfeifer v. Correctcare-Integrated Health, Inc.*, CIVIL ACTION NO. 5:15-CV-7-TBR, 2018 WL 1863596, at *3 (W.D. Ky. Apr. 18, 2018) ("It is axiomatic that the filing of a responsive pleading forecloses a defendant's opportunity and ability to file a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

## II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue*

*Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett*, 561 F.3d at 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

### III. DISCUSSION

Under 28 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a viable § 1983 claim, a plaintiff must allege: (1) the depravation of a right, privilege, or immunity secured by the Federal Constitution or the

4

laws of the United States; and (2) a person acting under color of state law caused the deprivation. *See Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994).

In its Motion to Dismiss, CCS argues that Mr. Bartlett has failed to plead facts sufficient to state a plausible claim for violation of his Eighth Amendment rights, [DE 4 at 3–4], and that, even if they were violated, Mr. Bartlett has failed to plead facts sufficient to state a plausible claim that CCS caused the violation, as required by *Monell*, [*Id.* at 4–6].

A. *Monell Liability*

Under *Monell*, corporate entities can be liable for violating § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 688–89 (1978) (holding that "bodies politic and corporate" are "persons" for purposes of § 1983); *see also Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 817–18 (6th Cir. 1996) (treating a private prison corporation as a person for purposes of § 1983). A private entity is considered "acting under color of state law" so long as its actions are "fairly attributable to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *see also Winker v. Madison Cty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function.") (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)).[3]

Even so, "[l]ike a municipality, a government contractor cannot be held liable on a *respondeat superior* theory," but rather "for a policy or custom *of that private contractor*." *Id.* (emphasis in original). A plaintiff does this by showing that the contractor had a "policy or custom" that caused the violation of his rights. *Monell*, 436 U.S. at 694. "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making

---

[3] CCS does not argue that Mr. Bartlett has not adequately alleged that CCS acted under color of state law.

5

authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Bischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

The Complaint alleges that the Individual Defendants "were acting pursuant to, and in conformity with, CCS policies and customs related to arranging medical treatment for patients by outside medical providers such as hand specialists" and that "[b]ecause of these policies, Mr. Bartlett's examination and treatment by a hand specialist was severely and unreasonably delayed."

But these generalized allegations cannot state a claim against CCS. Under *Iqbal*, generalized allegations that actions were taken under a policy or custom, "devoid of further factual enhancement," do not state a claim for relief. *Raymond v. O'Connor*, 526 F. App'x. 526, 530 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). District courts within the Sixth Circuit have concluded that "[p]laintiffs are in fact required to identify the practice or policy that forms the basis of their claim." *Stigall v. Louisville Jefferson County Metro Government*, No. 3:18-cv-168-CRS, 2018 WL 4775506, at *7–8 (W.D. Ky. Oct. 3, 2018); citing *Ghaster v. City of Rocky River*, No. 1:09-cv-2080, 2010 WL 2802685, at *7 (N.D. Ohio May 12, 2010); *see also Vidal v. Lexington Fayette Urban Cty. Gov.*, 2014 WL 4418113, at *3 (E.D. Ky. Sep. 8, 2014) ("[A] complaint must contain more than bare statements that the alleged constitutional violation was caused by a policy or custom to survive a motion to dismiss."); K*ustes v. Lexington-Fayette Urban Cty. Gov.*, 5:12-cv-323, 2013 WL 4776343, at *5 (E.D. Ky. Sep. 3, 2013) ("The Plaintiff must describe what the official custom or policy was and describe how it was violated."); *Hutchison v. Met. Gov. of Nashville and Davidson Cty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (dismissing *Monell*

claim where plaintiff failed to "include any facts related to a municipal policy on probable cause . . . or a municipal custom, policy or practice").

The Complaint does not allege which CCS policies or customs caused his alleged injury or how they caused that injury, and this Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 692 (6th Cir. 2013) (affirming the dismissal of a complaint alleging that "[the] policies, practices, and customs [of defendant medical company] resulted in Plaintiff suffering almost constant pain for the entire time of the most recent incarceration") (quoting *In re Travel Agent Comm'n*, 583 F.3d 896, 903 (6th Cir. 2009)).

Nor do the other allegations in the complaint suggest a factual basis for reasonably inferring that the Individual Defendants were acting under a policy or custom of CCS. Mr. Bartlett does not allege the existence of an "official policy or legislative enactment" requiring CCS employees to act with deliberate indifference, does not allege that an "official with final decision making authority ratified" a decision to act with deliberate indifference, does not allege that CCS had "a policy of inadequate training or supervision" of their medical personnel, and does not allege that CCS had a "custom of tolerance or acquiescence" to deliberate indifference by their employees. *Burgess*, 735 F.3d at 478; *see also Gibbons v. Ky. Dept. of Corr.*, Civil Action No. 3:07CV–P697–S, 2012 WL 163839, at *2 (W.D. Ky. Jan. 19, 2012) (granting motion to dismiss because "Plaintiff does not allege or identify any specific policy or procedure implemented by [defendant entity] that caused a deprivation of Plaintiff's constitutional rights."). According, the claim against CCS will be dismissed.

B.  *Constitutional Violation*

Because Mr. Bartlett has not adequately stated a claim against CCS as required by *Monell*, this Court need not address the second argument raised by CCS in its motion to dismiss. Further, whether Mr. Bartlett has stated a claim against the Individual Defendants is not before the Court, and those claims remain.

## IV.   CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, Defendant Correct Care Solutions' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule 12(b)(6), [DE 4], is **GRANTED**, and Mr. Bartlett's claim against CCS is **DISMISSED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 10, 2019